## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HARRY SIEPLINGA and )
CONSTANCE SIEPLINGA, )
                    Plaintiffs, )
                  )
      v. )    No.
                  )
NATIONAL RAILROAD PASSENGER )
CORPORATION d/b/a AMTRAK and )
NORFOLK SOUTHERN RAILWAY )
COMPANY, a corporation, LOUIS T. BURKE, III, )
and LYNN HALBERSTADT, )
                  )
               Defendants. )

```
FILED: NOVEMBER 26, 2008
08CV6820
JUDGE GRADY
MAGISTRATE JUDGE COX
CH
```

### COMPLAINT

NOW COMES Plaintiffs, HARRY SIEPLINGA and CONSTANCE SIEPLINGA, by and through their attorneys, LLOYD & CAVANAGH, complaining of Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"), NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), LOUIS T. BURKE, III (hereinafter "BURKE") and LYNN HALBERSTADT (hereinafter "HALBERSTADT"), and states as follows:

### JURISDICTION

1.    The court has jurisdiction over the claims asserted herein by Plaintiffs pursuant 28 U.S.C. § 1331 and § 1349.

### VENUE

2.    Venue is properly in this Court pursuant to 25 U.S.C. § 1391. All of the events that took place occurred within the County of Cook, State of Illinois.

## COMMON ALLEGATIONS

3.    On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

4.    On and before November 30, 2007, Defendant, NORFOLK, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

5.    On November 30, 2007, Defendant, AMTRAK, through its employee and/or agent Defendant, BURKE, owned, operated, managed, maintained, supervised and controlled Amtrak train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

6.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

7.    In the alternative, on November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, NORFOLK.

8.    On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which

2

were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9.     In the alternative, on November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11.     On November 30, 2007, at approximately 11:32 a.m., Defendants, BURKE and HALBERSTADT, were operating AMRTAK Train number 371 on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

12.     On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

## COUNT I – HARRY SIEPLINGA – PERSONAL INJURY – NATIONAL RAILROAD PASSENGER CORPORATION

13.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

14.     On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was a paying passenger

3

and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

15. On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, HARRY SIEPLINGA, the highest duty of care.

16. On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

    a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.    Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

    g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

    h.    Failed to slow the train pursuant to warnings on a track signal;

    i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

17.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, HARRY SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT II – CONSTANCE SIEPLINGA – LOSS OF CONSORTIUM</u>
<u>NATIONAL RAILROAD PASSENGER CORPORATION</u>

18.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 17.

19.    On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was the lawfully wed wife of HARRY SIEPLINGA, and sustained the loss of HARRY SIEPLINGA's love, affection, support, guidance, and consortium, as a result of his injuries.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

5

## COUNT III – HARRY SIEPLINGA – PERSONAL INJURY –
## LOUIS T. BURKE, III

20.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 13 through 17.

21.     On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was a paying passenger

and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids,

Michigan.

22.     On November 30, 2007, AMTRAK, through its agents and/or employees, including

Defendant, BURKE, was a common carrier and owed Plaintiff, HARRY SIEPLINGA, the highest

duty of care.

23.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was

negligent in one or more of the following ways:

> a.     Failed to maintain adequate communication between the train
> engineer and railroad dispatchers, which would inform the engineer
> of the need to slow and stop the train;
>
> b.     Failed to adequately and safely coordinate the use of the railroad
> tracks located within the freight yard at or near 52nd Street and South
> Shields Avenue, City of Chicago, County of Cook, State of Illinois
> between both passenger and freight trains;
>
> c.     Failed to slow down its train at the aforesaid point when it knew or
> should have known that on prior occasions freight trains had been
> stopped on railroad tracks located within the freight yard at or near
> 52nd Street and South Shields Avenue, City of Chicago, County of
> Cook, State of Illinois;
>
> d.     Failed to maintain its railroad tracks in a reasonably safe condition
> within the freight yard at or near 52nd Street and South Shields
> Avenue, City of Chicago, County of Cook, State of Illinois;
>
> e.     Failed to adequately maintain track signals located within the

6

freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

24.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, HARRY SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT IV – CONSTANCE SIEPLINGA – LOSS OF CONSORTIUM
## LOUIS T. BURKE, III

25.      Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 20 through 24.

26.      On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was the lawfully wed wife of HARRY SIEPLINGA, and sustained the loss of HARRY SIEPLINGA's love, affection, support, guidance, and consortium, as a result of his injuries.

7

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT V – HARRY SIEPLINGA – PERSONAL INJURY –<br>LYNN HALBERSTADT</u>

27.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

28.     On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

29.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, HARRY SIEPLINGA, the highest duty of care.

30.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

    a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

    b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

    c.      Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

    d.      Failed to maintain its railroad tracks in a reasonably safe condition

8

within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

31.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, HARRY SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VI – CONSTANCE SIEPLINGA – LOSS OF CONSORTIUM –
LYNN HALBERSTADT

32.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 27 through 31.

33.    On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was the lawfully

wed wife of HARRY SIEPLINGA, and sustained the loss of HARRY SIEPLINGA's love, affection, support, guidance, and consortium, as a result of his injuries.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VII – HARRY SIEPLINGA – PERSONAL INJURY
NORFOLK SOUTHERN RAILWAY COMPANY

34.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

35.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, HARRY SIEPLINGA, a duty to exercise reasonable care.

36.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

   a.    Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

   b.    Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

   c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

   e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

10

f.   Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.   Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.   Was otherwise negligent.

37.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, HARRY SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT VIII – CONSTANCE SIEPLINGA – LOSS OF CONSORTIUM – NORFOLK SOUTHERN RAILWAY COMPANY

38.   Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 34 through 37.

39.   On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was the lawfully wed wife of HARRY SIEPLINGA, and sustained the loss of HARRY SIEPLINGA's love, affection, support, guidance, and consortium, as a result of his injuries.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

11

COUNT IX – CONSTANCE SIEPLINGA – PERSONAL INJURY –
NATIONAL RAILROAD PASSENGER CORPORATION

40.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of
Paragraphs 1 through 12.

41.    On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was a paying
passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in
Grand Rapids, Michigan.

42.    On November 30, 2007, Defendant, AMTRAK, through its agents and/or
employees, was a common carrier and owed Plaintiff, CONSTANCE SIEPLINGA, the highest
duty of care.

43.    On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its
agents and/or employees, were negligent in one or more of the following ways:

  a.    Failed to maintain adequate communication between the train engineer and
        railroad dispatchers, which would inform the engineer of the need to slow and
        stop the train;

  b.    Failed to adequately and safely coordinate the use of the railroad tracks located
        within the freight yard at or near 52nd Street and South Shields Avenue, City of
        Chicago, County of Cook, State of Illinois between both passenger and freight
        trains;

  c.    Failed to slow down its train at the aforesaid point when it knew or should have
        known that on prior occasions freight trains had been stopped on railroad tracks
        located within the freight yard at or near 52nd Street and South Shields Avenue,
        City of Chicago, County of Cook, State of Illinois;

  d.    Failed to maintain its railroad tracks in a reasonably safe condition within the
        freight yard at or near 52nd Street and South Shields Avenue, City of Chicago,
        County of Cook, State of Illinois;

  e.    Failed to adequately maintain track signals located within the freight yard at or
        near 52nd Street and South Shields Avenue, City of Chicago, County of Cook,

12

State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

44.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, CONSTANCE SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT X – HARRY SIEPLINGA –
NATIONAL RAILROAD PASSENGER CORPORATION

45.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 40 through 44.

46.    On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was the lawfully wed husband of CONSTANCE SIEPLINGA, and sustained the loss of CONSTANCE SIEPLINGA's love, affection, support, guidance, and consortium, as a result of her injuries.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT XI – CONSTANCE SIEPLINGA – PERSONAL INJURY –
LOUIS T. BURKE, III

47.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

48.     On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

49.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, CONSTANCE SIEPLINGA, the highest duty of care.

50.     On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a.      Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b.      Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c.      Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

14

d.      Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.      Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.      Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.      Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.      Failed to slow the train pursuant to warnings on a track signal;

i.      Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.      Operated a passenger train at a rate of speed that was greater than was reasonable;

k.      Operated the train without keeping a safe and proper lookout; and

l.      Was otherwise negligent.

51.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, CONSTANCE SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

## COUNT XII – HARRY SIEPLINGA – LOSS OF CONSORTIUM
## LOUIS T. BURKE, III

52.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 47 through 51.

15

53.     On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was the lawfully wed husband of CONSTANCE SIEPLINGA, and sustained the loss of CONSTANCE SIEPLINGA's love, affection, support, guidance, and consortium, as a result of her injuries.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT XIII – CONSTANCE SIEPLINGA – PERSONAL INJURY –<br>LYNN HALBERSTADT

54.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

55.     On November 30, 2007, Plaintiff, CONSTANCE SIEPLINGA, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

56.     On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, CONSTANCE SIEPLINGA, the highest duty of care.

57.     On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

      a.     Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

      b.     Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

      c.     Failed to slow down its train at the aforesaid point when it knew or

16

should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h.    Failed to slow the train pursuant to warnings on a track signal;

i.    Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j.    Operated a passenger train at a rate of speed that was greater than was reasonable;

k.    Operated the train without keeping a safe and proper lookout; and

l.    Was otherwise negligent.

58.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, CONSTANCE SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

17

<u>COUNT XIV – HARRY SIEPLINGA – LOSS OF CONSORTIUM –
LYNN HALBERSTADT</u>

59.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 54 through 58.

60.     On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was the lawfully wed

husband of CONSTANCE SIEPLINGA, and sustained the loss of CONSTANCE SIEPLINGA's

love, affection, support, guidance, and consortium, as a result of her injuries.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant,

LYNN HALBERSTADT, for a monetary sum is excess of the jurisdictional limit of the United

States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT XV – CONSTANCE SIEPLINGA – PERSONAL INJURY
NORFOLK SOUTHERN RAILWAY COMPANY</u>

61.     Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

62.     On November 30, 2007, Defendant, NORFOLK, through its agents and/or

employees, owed Plaintiff, CONSTANCE SIEPLINGA, a duty to exercise reasonable care.

63.     On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK,

through its agents and/or employees, was negligent in one or more of the following ways:

    a.     Failed to maintain adequate communication between the train
           engineer and railroad dispatchers, which would inform the engineer
           of the need to slow and stop the train;

    b.     Failed to adequately and safely coordinate the use of the railroad
           tracks located within the freight yard at or near 52nd Street and South
           Shields Avenue, City of Chicago, County of Cook, State of Illinois
           between both passenger and freight trains;

18

c.    Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d.    Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e.    Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f.    Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g.    Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h.    Was otherwise negligent.

64.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, CONSTANCE SIEPLINGA, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CONSTANCE SIEPLINGA, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

### COUNT XVI – HARRY SIEPLINGA – LOSS OF CONSORTIUM – NORFOLK SOUTHERN RAILWAY COMPANY

65.    Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 61 through 64.

66.    On November 30, 2007, Plaintiff, HARRY SIEPLINGA, was the lawfully wed husband of CONSTANCE SIEPLINGA, and sustained the loss of CONSTANCE SIEPLINGA's

love, affection, support, guidance, and consortium, as a result of her injuries.

WHEREFORE, Plaintiff, HARRY SIEPLINGA, prays for judgment against Defendant,

NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum is excess of the

jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern

Division.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs request that their claims in this

action be decided by a jury.

Respectfully submitted,

/s/ Matthew Rundio
Attorney for Plaintiffs

Timothy J. Cavanagh
Matthew M. Rundio
LLOYD & CAVANAGH
200 W. Madison St.
Suite 2050
Chicago, IL 60606
(312) 425-1900
Email: TJC@LloydCavanagh.com
Email: MMR@LloydCavanagh.com

20